CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
DEC 15 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PATRICIA T. SCOTT | ) |
| | ) Civil Action No. 5:09CV00025 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Patricia T. Scott, was born on September 24, 1956, and eventually completed the eleventh grade in school. Mrs. Scott has earned a GED. Plaintiff has worked as a psychiatric aide in a mental hospital, certified nurses' aide in a nursing home, babysitter, and food packager.

She last worked on a regular and sustained basis in 2003.[1] On October 18, 2005, Mrs. Scott filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on July 30, 2003 due to headaches, anxiety, low back pain, leg pain, hepatitis C, major depression, allergies, panic attacks, fear of crowds, neck pain, numbness in her hands, fatigue, knee pain, arthritis, shortness of breath, stomach pain, incontinence, urinary frequency, and glaucoma. Mrs. Scott now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Scott's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 27, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Scott suffers from a severe combination of impairments based on a back and neck disorder and headaches, as well as a variety of nonsevere impairments. Because of her physical problems, the Law Judge ruled that plaintiff is disabled for her past relevant work roles. However, the Law Judge found that Mrs. Scott retains sufficient functional capacity for a limited range of light exertion. The Law Judge assessed plaintiff's residual functional as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work that involves the occasional lifting and carrying of 20 pounds and the frequent lifting and carrying of 10 pounds and that involves standing, walking and sitting for about 6 hours each in an 8-hour workday. The claimant is precluded from climbing ladders, ropes and

---

[1] While plaintiff engaged in work activity after her alleged disability onset date, the Administrative Law Judge determined that she did not perform substantial gainful activity during this period, such as to disqualify her for social security benefits. (TR 18-19). See 20 C.F.R. §§ 404.1520(b) and 416.920(b).

scaffolds, but she may do other postural activities occasionally (climbing stairs or ramps, balancing, stooping, kneeling, crouching and crawling). (TR 22).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Scott retains sufficient functional capacity for several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Scott is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Scott has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that in 2002, Mrs. Scott injured her neck while trying to restrain a psychiatric patient in a mental hospital. On December 18, 2002, plaintiff underwent surgery consisting of a decompressive laminectomy and

foraminotomies at L5 and S1. Since that time, she has continued to complain of persistent musculoskeletal pain, especially in her neck and shoulders, as well as headaches. She carries a diagnosis of degenerative disc disease in the cervical spine, cervical spondylosis, and disc bulges, based on objective clinical findings and studies. Since the time of her surgery, she has undergone three cervical epidural steroid injections in an effort to control her subjective discomfort. Mrs. Scott has also been found to suffer from hepatitis C, elevated cholesterol, and early carpal tunnel syndrome. In 2005 and again in 2006, an MRI of her brain revealed some lesions and changes which were said to be sometimes seen in patients with multiple sclerosis. However, no such diagnosis has ever been affirmatively established in Mrs. Scott's case. Finally, the medical record reveals that Mrs. Scott has been treated over a significant period of time for recurrent major depressive disorder, anxiety, and personality disorder.

The Administrative Law Judge properly identified plaintiff's musculoskeletal problems as her most serious, work-related impediments. As previously noted, the Law Judge held that Mrs. Scott suffers severe impairments on the basis of back and neck disorders, as well as related headaches. At the time of the administrative hearing, Mrs. Scott testified that her back and neck pain are so severe as to render her incapable of performing any regular work activities. Indeed, according to plaintiff, her pain is sometimes so severe as to require her to lie down for sustained periods of time. The Administrative Law Judge did not fully credit plaintiff's testimony. The Law Judge engaged in a detailed review of the medical record, and concluded that plaintiff's physical problems are not so severe as to prevent performance of light work activity on a regular and sustained basis.

The court must conclude that the Law Judge's assessment of the medical record is supported by substantial evidence. While none of her doctors have suggested that Mrs. Scott is pain free, their

4

clinical findings support the notion that her back and neck problems are not totally debilitating. For example, at the time of administration of her third cervical epidural steroid injection, a medical provider reported that while Mrs. Scott demonstrated some tenderness in her neck and shoulders, she had a full range of motion of the cervical spine in flexion and extension, as well as lateral rotation. Motor examination was said to be negative and plaintiff's sensation was found to be intact. It was noted that plaintiff had a pre-procedure pain score of 4 out of 10, and a post-procedure pain score of 2 out of 10. (TR 365). More generally, the court notes that, despite regular medical intervention, no doctor has suggested that plaintiff's musculoskeletal problems are so severe as to render her totally disabled, and no doctor has deemed plaintiff's musculoskeletal defects to be so severe as to suggest a need for surgical intervention. Based on the medical record considered by the Commissioner, the court believes that there is ample evidence to support the Law Judge's determination that plaintiff's musculoskeletal impairments are not so severe as to prevent light work activity in which plaintiff is not required to sit or stand for prolonged periods, or to engage in activities involving extensive use of her neck and shoulders.

On appeal to this court, plaintiff has directed attention to those portions of the Law Judge's opinion dealing with her other physical and emotional impairments. Specifically, plaintiff believes that the Administrative Law Judge erred in concluding that her hepatitis C, right dominant hand impairment, abnormal brain findings, and depression/anxiety do not constitute severe impairments within the meaning of the regulatory scheme. Under 20 C.F.R. §§ 404.1521 and 416.921, an impairment is said to be not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. Generally, under 20 C.F.R. §§ 404.1520(g) and 416.920(g), if it is determined that a claimant is disabled for past relevant work activity, the Commissioner, often

with the assistance of a vocational expert, is charged to consider whether the claimant's severe impairments prevent performance of alternate work roles which exist in the national economy. Stated differently, in determining whether a claimant can perform specific work roles, it is only necessary to consider those impairments which affect the claimant's ability to do basic work activities. In Mrs. Scott's case, the court must conclude that the Law Judge properly determined that plaintiff's emotional and other physical problems are not so severe as to limit her ability to do basic work activities.

Simply stated, there is no evidence that plaintiff's hepatitis C causes any impairment in Mrs. Scott's physical or emotional function. Her doctors believe that the condition is successfully treated, and that it is essentially dormant. While a diagnosis of hepatitis C is certainly worrisome and troublesome, there is simply no medical evidence to indicate that the disease affects plaintiff's capacity for work. Likewise, while two brain scans have revealed some lesions and changes in brain structure, which are sometimes associated with multiple sclerosis, there is no medical evidence or opinion suggesting that Mrs. Scott suffers from this disease. While several physicians have suggested that Mrs. Scott suffers from early carpal tunnel syndrome in her right wrist, her muscle strength, sensation, and reflexes are essentially unimpaired. Regardless of whether plaintiff's complaints in her shoulders and arms are attributed to cervical radiculopathy or early carpal tunnel syndrome, the court believes that the medical record supports the Law Judge's finding that these difficulties do not prevent performance of light work activity in which plaintiff is not expected to engage in sustained use of her upper extremities.

Mrs. Scott's emotional problems present a somewhat closer question. As previously noted, she has been treated for recurrent major depressive disorder, anxiety, and dysfunctional personality

traits over a period of time. However, the Law Judge properly noted that Mrs. Scott's treating psychiatrist has consistently reported that these conditions are not disabling and that, indeed, plaintiff could be expected to enjoy some improvement in her symptomatology "if she were able to work." (TR 356). A review of the medical record suggests that plaintiff's symptoms of depression and anxiety are largely situational, and that they are subject to control through routine and conservative psychiatric intervention. The treating psychiatrist has noted no significant manifestations which could be expected to interfere in the performance of work activity. Consequently, the court believes that there is substantial evidence to support the Law Judge's finding that plaintiff's emotional problems do not qualify as a severe impairment.

On appeal, Mrs. Scott also contends that the Law Judge improperly discredited her testimony as to the severity of her symptoms, and as to the necessity that she confine herself to bed three or four days a month. Plaintiff points out that the vocational expert testified to the effect that a person who habitually misses three or four days of work a month would be unable to engage in substantial gainful activity. The court must conclude that the Administrative Law Judge properly considered plaintiff's testimony as to the impact of her severe impairments. Once again, no doctor has suggested that Mrs. Scott is totally disabled. More to the point, no doctor has identified objective physical problems which could be expected to result in totally disabling pain. No doctor has diagnosed the existence of any condition which could be expected to cause Mrs. Scott to be confined to her bed three or four days each month. Indeed, the clinical findings in plaintiff's case are not overly remarkable. The court believes that the medical record supports the conclusion that the treating medical sources consider Mrs. Scott's physical impairments to be subject to control through routine and conservative medical maintenance. Under Fourth Circuit caselaw, in order for a claimant

to prevail on a claim of totally disabling pain, the medical record must establish the existence of objective physical problems which could be expected to produce pain of disabling severity. See Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996). The court must agree that Mrs. Scott has not met this burden.

In summary, the court believes that there is substantial evidence to support the Law Judge's finding that Mrs. Scott retained sufficient functional capacity for a limited range of light work activity at all relevant times prior to the date of the Administrative Law Judge's decision. The court also believes that the Law Judge properly relied on the testimony of a vocational expert in determining that plaintiff retains sufficient physical capacity to perform several specific alternate work roles which exist in significant number in the national economy. It appears to the court that the vocational expert's consideration of vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the record developed before the Commissioner. Based on the testimony of the vocational expert, the court concludes that the record supports the Law Judge's determination that Mrs. Scott retains sufficient functional capacity to perform several specific light work roles which exist in significant number in the national economy. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that plaintiff is free of pain and discomfort. Indeed, as previously noted, it is well established that Mrs. Scott has a history of a musculoskeletal defects in her neck and back. However, it must again be noted that none of the doctors who have treated these problems have identified the existence of physical impairments which could be expected to result in total disability. Once again, no doctor has opined that Mrs. Scott is totally disabled for all forms of work. It is well settled that the inability to do work

without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra at 594-95. Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 15th day of December, 2009.

_____
United States District Judge